CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | Case No. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Grand Prix Mountain View LLC,** a Delaware Limited Liability Company; **Island Hospitality Management III, LLC,** a Delaware Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Scott Johnson complains of Grand Prix Mountain View LLC, a Delaware Limited Liability Company; Island Hospitality Management III, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially

Complaint

equipped van.

2.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in February 2017.

3.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in April 2017.

4.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in August 2017.

5.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in September 2017.

6.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in October 2017.

7.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in December 2017.

8.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in January 2018.

9.   Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in March 2018.

10. Defendant Grand Prix Mountain View LLC owned the real property located at or about 1854 W. El Camino Real, Mountain View, California, in October 2018.

Complaint

11. Defendant Grand Prix Mountain View LLC owns the real property located at or about 1854 W. El Camino Real, Mountain View, California, currently.

12. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in February 2017.

13. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in April 2017.

14. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in August 2017.

15. Defendant Island Hospitality Management III, LLC k owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in September 2017.

16. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in October 2017.

17. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in December 2017.

18. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in January 2018.

19. Defendant Island Hospitality Management III, LLC owned Residence Inn located at or about 1854 W. El Camino Real, Mountain View, California, in March 2018.

20. Defendant Island Hospitality Management III, LLC owned Residence

3

1    Inn located at or about 1854 W. El Camino Real, Mountain View, California,

2    in October 2018.

3        21. Defendant Island Hospitality Management III, LLC owns Residence

4    Inn ("Motel") located at or about 1854 W. El Camino Real, Mountain View,

5    California, currently.

6        22. Plaintiff does not know the true names of Defendants, their business

7    capacities, their ownership connection to the property and business, or their

8    relative responsibilities in causing the access violations herein complained of,

9    and alleges a joint venture and common enterprise by all such Defendants.

10   Plaintiff is informed and believes that each of the Defendants herein,

11   including Does 1 through 10, inclusive, is responsible in some capacity for the

12   events herein alleged, or is a necessary party for obtaining appropriate relief.

13   Plaintiff will seek leave to amend when the true names, capacities,

14   connections, and responsibilities of the Defendants and Does 1 through 10,

15   inclusive, are ascertained.

16

17   **JURISDICTION & VENUE:**

18       23. The Court has subject matter jurisdiction over the action pursuant to 28

19   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

20   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

21       24. Pursuant to supplemental jurisdiction, an attendant and related cause

22   of action, arising from the same nucleus of operative facts and arising out of

23   the same transactions, is also brought under California's Unruh Civil Rights

24   Act, which act expressly incorporates the Americans with Disabilities Act.

25       25. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

26   founded on the fact that the real property which is the subject of this action is

27   located in this district and that Plaintiff's cause of action arose in this district.

28

Complaint

**FACTUAL ALLEGATIONS:**

26. Plaintiff went to the Motel in February 2017, April 2017, August 2017, September 2017, October 2017, December 2017, January 2018, March 2018 and October 2018 with the intention to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws.

27. The Motel is a facility open to the public, a place of public accommodation, and a business establishment.

28. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Motel.

29. Unfortunately, even though there were parking spaces marked and reserved for persons with disabilities in the parking lot serving the Motel during Plaintiff's visit, the access aisle of the van parking space had cross slopes that are above 2.1%.

30. Finally, there were no "NO PARKING" warnings in many of the access aisles.

31. Currently, the van parking stall and access aisle are not level with each other.

32. Currently, there are no "NO PARKING" warnings in many of the access aisles.

33. Guest rooms are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Motel.

34. Unfortunately, the Motel's website did not allow customers to book accessible guest rooms online.

35. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

36. Plaintiff personally encountered these barriers.

Complaint

37. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty.

38. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

39. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

40. For example, there are numerous paint/stripe companies that will come and stripe level, van-accessible parking stall and access aisle and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

41. Plaintiff will return to the Motel to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

42. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his

Complaint

disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

43. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

44. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and

Complaint

the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

45. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. *Id*. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

46. Here, the failure to provide level van parking space is a violation of the law.

47. Under the ADA, public accommodations that own or operate a place of lodging have an obligation to "ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms." 28 C.F.R. § 36.302(e)(1)(i).

48. Here, the Motel's failure to provide disabled individuals the ability to book accessible guestrooms online through their website, like non-disabled individuals, is a violation ADA.

49. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

50. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

51. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

54. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

55. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

56. Although the plaintiff was markedly frustrated by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 31, 2018          CENTER FOR DISABILITY ACCESS

By: _____

          Chris Carson, Esq.
          Attorney for plaintiff

Complaint